**XIU DAN LIN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

**No. 08–4068–ag.**

United States Court of Appeals, Second Circuit.

April 10, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Feng Li, Law Office of Fengling Liu, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, John C. Cunningham, Senior Litigation Counsel, Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Xiu Dan Lin, a citizen of the People's Republic of China, seeks review of a July 28, 2008 order of the BIA affirming the July 26, 2006 decision of Immigration Judge ("IJ") Philip L. Morace denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Dan Lin,* No. A095 716 490 (B.I.A. July 28, 2008), *aff'g* No. A095 716 490 (Immig. Ct. N.Y. City July 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's findings of fact under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Lin fails to challenge before this Court the agency's denial of CAT relief, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). Lin has similarly waived any challenge to the agency's finding that she did not establish past persecution. *See id.*

We find no error in the agency's conclusion that Lin failed to show a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42). Lin testified that she is not a Falun Gong practitioner. During Lin's only encounter with authorities related to Falun Gong, they left her alone in an unlocked room and, after she escaped, they did not re-arrest her for the six months that she remained in China. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Indeed, as the government noted, Lin failed to show any reason why the authorities would be more interested in punishing her than her parents, who also housed a Falun Gong practitioner, yet have lived in China since Lin's departure without incident. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Therefore, the agency did not err in denying Lin's application for asylum. Because we find no error in the agency's burden of proof finding, we need not reach its credibility determination.

Because the agency correctly determined that Lin failed to meet her burden in establishing eligibility for asylum, its

denial of her application for withholding of removal, which requires a higher burden of proof, was also proper. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.